**Charles L. HOYLE, Appellant,**

v.

**Steve A. CARROLL and Aetna Casualty & Surety Company, Appellees.**

Supreme Court of Tennessee,
at Knoxville.

Feb. 14, 1983.

William N. Groover, Taylor & Groover, Knoxville, for appellant.

Jerry A. Farmer, Poore, Cox, Baker, Ray & Byrne, Knoxville, for appellees, Aetna Cas. & Sur. Co.

OPINION

COOPER, Justice.

This action involves interpretation of T.C.A. § 56–7–1201, the Tennessee Uninsured Motorist Statute. The statute, in pertinent part, provides:

> If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured shall have no right to recover under the uninsured motorist provision unless:
>
> (1) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured.

T.C.A. § 56–7–1201(e)(1).

The facts indicate that appellant, who carried uninsured motorist insurance with

---

Aetna Casualty and Surety Company, was travelling west on Tazewell Pike near Knoxville, Tennessee, at the time of the accident. Steve A. Carroll was proceeding in an eastwardly direction on Tazewell Pike. An unidentified vehicle collided with the Carroll vehicle causing it to strike the appellant's automobile. The police and Aetna were notified promptly of the accident.

Appellant brought suit against his uninsured motorist carrier and Carroll for injuries and property damage sustained in the collision. The insurer was dismissed from the suit upon the court's concluding that the actual physical contact requirement of T.C.A. § 56–7–1201(e)(1) was not met by the circumstances of the accident. Appellant has appealed Aetna's dismissal insisting that the statutory language is broad enough to permit recovery where, as in this case, an unidentified hit and run vehicle collides with a second vehicle impelling it into the insured's automobile. We agree.

Uninsured motorist insurance is intended to provide protection to individuals who suffer personal injury or property damage at the hands of uninsured motorists who cannot respond in damages. *Shoffner v. State Farm Mutual Automobile Ins. Co.,* 494 S.W.2d 756, 758 (Tenn.1972), overruled on other grounds, *State Automobile Mutual Ins. Co. v. Cummings,* 519 S.W.2d 773 (Tenn.1975). *See also Inter-Insurance Exchange of the Automobile Club of Southern California v. Lopez,* 238 Cal.App.2d 441, 47 Cal.Rptr. 834, 837 (1965). Allowing recovery in this case is consistent with that policy and, we believe, conforms to the statutory requirement of actual physical contact between the motor vehicle owned or operated by the unknown person and the person or property of the insured. A major concern of the legislature in including the actual physical contact requirement in the Uninsured Motorist Statute was to eliminate fraudulent claims based on a phantom driver whose automobile did not in fact contact the insured or his vehicle but whose acts allegedly caused the insured's accident. *See* Archives Tape H–199 [3–13–74]. *See also Louthian v. State Farm Mutual Ins.*

*Co.,* 493 F.2d 240, 242 (4th Cir.1973); *State Farm Mutual Automobile Ins. Co. v. Spinola,* 374 F.2d 873, 875 (5th Cir.1967). The potential for fraudulent claims does not inhere in the situation where, as in this case, an unidentified automobile collides with a second vehicle causing it to strike the insured's vehicle.

Courts have found physical contact between the hit and run vehicle and the insured's in circumstances similar to those in this case. *See, e.g., Johnson v. State Farm Mutual Automobile Ins. Co.,* 70 Wash.2d 587, 424 P.2d 648 (1967); *Lopez, supra. See generally,* Annot., 25 A.L.R.3d 1299. One court has considered a statute which, like ours, makes actual physical contact a prerequisite to uninsured motorist insurance recovery. *See State Farm Mutual Automobile Ins. Co. v. Carlson,* 130 Ga.App. 27, 202 S.E.2d 213 (1973). That court found that the actual physical contact requirement was satisfied in a situation like that presented by this case, noting that such a result did not contravene the legislative purpose of eliminating fictitious claims based on reports of phantom drivers. *Id.* at 214–215. Other courts have observed when presented with factual situations like this one under statutes requiring mere physical contact, as opposed to actual physical contact, that "the *actual* contact situation is juridically indistinguishable from the situation in the present case. The vehicle which made *actual* contact with the [insured's] automobile in this case was a mere involuntary intermediary." *Louthian, supra* at 242; *Motor Vehicle Accident Indemnification Corp. v. Eisenberg,* 18 N.Y.2d 1, 271 N.Y.S.2d 641, 218 N.E.2d 524, 525 (1966). The immediate application of force by the hit and run automobile with an intermediate vehicle which is impelled into the insured or his property fully satisfies the physical contact requirement and is consistent with fundamental principles of impact and motion. *See Lord v. Auto-Owners Ins. Co.,* 22 Mich.App. 669, 177 N.W.2d 653, 655 (1970); *Springer v. Government Employees Ins. Co., Inc.,* 311 So.2d 36, 40 (La.App.1975), aff'd 313 So.2d 598 (La.1975).

We hold, therefore, that actual physical contact between a hit and run vehicle and the person or property of the insured as required by T.C.A. § 56–7–1201(e)(1) occurs when the unidentified vehicle collides with a second automobile causing the second automobile to collide with the insured's vehicle. This result is consistent with the statutory purpose, the legislative intent in requiring actual physical contact, the case law of other jurisdictions and our own. *See Barfield v. Insurance Co. of North America,* 59 Tenn.App. 631, 443 S.W.2d 482 (Tenn. App.1968).

The judgment dismissing the action is reversed and the cause is remanded to the trial court for trial. Costs incident to the appeal are adjudged against the appellee, Aetna Casualty and Surety Company.

FONES, C.J., BROCK and HARBISON, JJ., and BYERS, Special Justice, concur.