Alan RESOR and wife, Ronda
Resor, Plaintiff,

v.

Martha E. GRAVES and John
Doe, Defendants.

No. 3:99–CV–528.

United States District Court,
E.D. Tennessee,
at Knoxville.

July 27, 2000.

JD Lee, Lee, Lee and Lee, Knoxville, TN, Archie R Carpenter, Christopher D Heagerty, Carpenter & O'Connor, Knoxville, TN, Steven E Willsey, Willsey and Wilson, Indianapolis, IN, for plaintiffs.

Rick L Powers, Arnett, Draper & Hagood, Knoxville, TN, for Martha E Graves, defendant.

Janet Leach Hogan, Hogan & Hogan, Knoxville, TN, for John – Doe, defendant.

Paul D Hogan, Jr, Hogan & Hogan, Knoxville, TN, for Erie Insurance Group, interpleader.

### *MEMORANDUM AND ORDER*

MURRIAN, United States Magistrate Judge.

This case is before the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73, Federal Rules of Civil Procedure, for all further proceedings, including entry of judgment [*see* Doc. 8]. The motion for summary judgment filed by defendant, John Doe, is currently pending before the court [*see* Doc. 17].

This is an action to recover damages for personal injuries allegedly incurred by the plaintiffs, Alan and Ronda Resor, as a result of an automobile accident which occurred on November 9, 1998. Specifically, plaintiffs allege that on or about November 9, 1998, they were traveling in an easterly direction in the far left lane of a three-lane portion of Interstate 40 near the Walker Springs Road exit; that at the same time and place, defendant John Doe was operating a tractor trailer in an easterly direction in the middle lane of Interstate 40; that at the same time and place, defendant Martha Graves was operating her vehicle in an easterly direction in the far right lane of Interstate 40; that defen-

dant Graves negligently crossed into the plaintiffs' path without first ascertaining whether said movement could be performed with due care; and that as a result of this negligence, defendant Graves' vehicle struck the plaintiffs' vehicle with great force [*see* Doc. 1]. Alternatively, plaintiffs allege that defendant, John Doe struck defendant Graves' vehicle causing her to lose control of her vehicle which then caused defendant Graves' vehicle to collide with the plaintiffs' vehicle; and that as a direct and proximate result of the negligence of defendant Graves, or alternatively as a direct and proximate result of the negligence of defendants Doe and Graves, the plaintiffs were injured. *Id.* In her Answer to the plaintiff's complaint, Defendant Graves relies upon the affirmative defense of comparative fault and alleges that the auto accident at issue occurred solely as a result of the negligence of the John Doe operator of the tractor trailer truck which was traveling in the center eastbound lane of Interstate 40 at or near the Walker Springs area [*see* Doc. 7]. Specifically, defendant Graves alleges that she was operating her vehicle in the right lane in a reasonable and careful manner when her vehicle was suddenly hit on the left side by the tractor trailer which caused her to lose control and spin around in the roadway where her vehicle was hit by the plaintiffs' vehicle; that the operator of the tractor trailer did not stop; and that she and her passengers were unable to ascertain the identity of the tractor trailer. *Id.*

Erie Insurance Group ("Erie"), as the plaintiffs' insurance carrier, including uninsured motorist coverage, filed an Answer to the plaintiffs' complaint on behalf of the John Doe defendant [*see* Doc. 9]. Erie denies all allegations of negligence against the John Doe defendant. *Id.*

Defendant, John Doe, moves the court for an order granting summary judgment in his favor, contending that the plaintiffs have not stated a cause of action against him under Tennessee's comparative fault cases and/or applicable statutes, as a mat-

ter of law [Doc. 17]. Specifically, John Doe contends that the parties and the witnesses have all testified that they cannot, in any way, describe or identify the John Doe defendant; that, therefore, there can be no dispute that "John Doe" cannot be identified sufficiently for service of process; and that, as a result, defendant Doe is entitled to dismissal as a matter of law. *Id.* In support of its motion, defendant relies upon the case of *Brown v. Wal–Mart Discount Cities,* 12 S.W.3d 785 (Tenn.2000) and has submitted a Statement of Undisputed Facts and deposition testimony of the parties and witnesses [Doc. 18, attachments thereto].

Defendant Graves responded to defendant Doe's motion, contending that the case of *Brown v. Wal–Mart Discount Cities, supra.,* is not applicable to this case; that the uninsured motorist statute does apply to the facts of this case; that the deposition testimony of record presents ample evidence of the existence of an unknown motorist; that, in fact, there is no dispute that the John Doe tractor trailer operator exists and was present at the time of the accident; and that genuine issues of material fact exist for trial [Doc. 19].

The plaintiffs responded to defendant John Doe's motion stating that they agree with defendant Doe's statement of undisputed facts and the defendant's motion for summary judgment, and they request that the motion for summary judgment be granted [Doc. 20].

There is no dispute among the parties that there was a tractor trailer being operated eastbound on I–40 in the vicinity of the subject accident. Plaintiff Alan Resor testified at his deposition taken on April 19, 2000, that an 18 wheeler, tractor-trailer truck was traveling east on I–40 in the lane to the right of him [Doc. 18, Alan Resor deposition attached thereto, pp. 18–19]. Ronda Resor testified at her deposition that she and her husband were traveling about half way alongside of a tractor trailer [*id.,* Ronda Resor deposition at-

tached thereto, p. 12]. Defendant, Martha Graves, testified at her deposition that she was going east on I–40 at about 40 miles per hour; that there was construction in that area; that when her car started skidding she thought she had hit a bad place in the road; but that this is not what happened; that, rather, she was hit by the tractor trailer truck; that the tractor trailer hit her on the left rear of her car; that she never saw the tractor trailer hit her car; that she was just trying to get away from the truck because it was moving too close to her; and that she was traveling in the right outside lane [*id.,* Martha Graves' deposition at pp. 4; 10–11]. Carlos Hill, defendant Graves' son, was a passenger in Ms. Graves' car at the time of this accident, and he testified that they were traveling along the interstate and everybody seemed to be moving along about the same; that all of a sudden, he looked over toward the driver's side and a big tractor trailer kept getting closer to them; that he told his mother that the tractor trailer was getting pretty close; and that all of a sudden the tractor trailer hit them a couple of times and turned them around a couple of times; and that they ended up against the median concrete wall [*id.,* Carlos Hill deposition attached thereto, at p. 4]. Finally, Glenda Hill, defendant Graves' daughter-in-law, testified that they were traveling along the highway and there was a tractor trailer truck present; that her husband had seen the truck and was telling his mother about it; that she looked back and saw it coming down the middle lane; that the truck was getting closer to their car; that she kept watching the truck and the truck hit them two times; and that their car spun around and around and around [*id.,* Glenda Hill deposition attached thereto, p. 4]. Additionally, there is absolutely no dispute that none of the parties or witnesses to this accident can identify the tractor trailer by name, owner, description, color, or type; and that none of the individuals or witnesses involved

with this accident can identify the driver of the tractor trailer.

Defendant Doe relies upon the case of *Brown v. Wal–Mart Discount Cities, supra,* and contends that the driver of the tractor trailer is an unknown defendant; that he is, therefore, a phantom tortfeasor to whom no fault may be attributed by a jury; and that, therefore, the John Doe defendant must be dismissed. In *Brown,* the plaintiff slipped on ice and water that had been spilled on the floor. The defendant wanted the jury to consider the fault of the unidentified individual/tortfeasor responsible for spilling the ice and water on the floor. The trial judge instructed the jury that they could consider the fault of this unidentified individual and the jury assigned 70% of the fault to the unknown individual and 30% of the fault to Wal–Mart. On a motion for new trial, the trial court decided that this was error and assigned 100% of the fault against Wal–Mart. The Court of Appeals affirmed the trial court and held that a defendant should not be able to attribute fault to an unidentified non-party unless the defendant could prove the existence of the unidentified non-party by clear and convincing evidence. *Brown,* 12 S.W.3d. at 786. The Tennessee Supreme Court granted permission to appeal to decide whether the defendant could attribute fault to an unidentified "phantom" tortfeasor. The court revisited the holding of *McIntyre v. Balentine,* 833 S.W.2d 52 (Tenn.1992), and noted that concern was expressed in that case regarding future cases involving nonparties:

> In adopting comparative fault, we attempted to reconcile the plaintiff's interest in being made whole with the defendant's interest in paying only that percentage of damages for which that particular defendant is responsible. We anticipated, however, that situations would arise in which one of these interests must yield to the other and that many issues regarding "nonparty" tortfeasors must "await an appropriate controversy." (citation omitted). In this regard, we stated that:

> > fairness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought.... *However, in order for a plaintiff to recover a judgment against such additional person, the plaintiff must have made a timely amendment to his complaint and caused process to be served on such additional person.* Thereafter, the additional party will be required to answer the amended complaint.

*Brown,* at 787–88. Pursuant to T.C.A. § 20–1–119, a plaintiff is allowed 90 days from the filing of a defendant's answer alleging one or more other potential tortfeasors, to amend the complaint to add the individual(s) set forth in a defendant's answer or to bring a separate action against said individual(s). Because § 20–1–119 assumes that a plaintiff will know the identity of the individual(s) identified as potential tortfeasors in a defendant's answer, the Tennessee Supreme Court held that

> [c]ontrary to the conclusion of the Court of Appeals, clear and convincing evidence of the existence of a phantom tortfeasor is not sufficient identification for purposes of pleading and serving process. In our view, unless the nonparty is identified sufficiently to allow the plaintiff to plead and serve process on such person pursuant to Tenn.Code Ann. § 20–1–119, the trial court should not permit the attribution of fault to the nonparty.

*Brown, supra,* at 788.

■ I am of the opinion that defendant Graves is correct that the holding of *Brown v. Wal–Mart, supra,* is not applicable to the facts of this case involving uninsured motorist coverage. Initially, although the actual alleged nonparty tortfeasor in this case (*i.e.,* the truck driver and/or his or her employer) cannot be

identified, named in the complaint, and served with process, there is an entity which stands in the shoes of the alleged nonparty tortfeasor, which entity can be identified, served with process, and represented in court, and can, if the jury so finds, be responsible for the portion of the unidentified phantom tortfeasor's percentage of fault (*i.e.,* the plaintiffs' uninsured motorist carrier—Erie). In this way, both of the interests recognized in *McIntyre*—the plaintiff's interest in being made whole and the defendant's interest in paying only that percentage of damages for which that defendant is responsible—are satisfied and neither interest must yield to the other.

Additionally, Tennessee Code Annotated § 56–7–1201 provides, in pertinent part, as follows:

(a) Every automobile liability insurance policy delivered, issued for delivery or renewed in this state, covering liability arising out of the ownership, maintenance, or use of any motor vehicle designed for use primarily on public roads ... shall include uninsured motorist coverage, ... for the protection of persons insured thereunder who are legally entitled to recover compensatory damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.

. . . . .

(e) If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured shall have no right to recover under the uninsured motorist provision unless:

(1)(A) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured; or

(B) The existence of such unknown motorist is established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle;

(2) The insured or someone in the insured's behalf shall have reported the accident to the appropriate law enforcement agency within a reasonable time after its occurrence; and

(3) The insured was not negligent in failing to determine the identity of the other vehicle and the owner or operator of the other vehicle at the time of the accident.

. . . . .

Thus, the legislature, through the uninsured motorist statute, specifically contemplates that an uninsured motorist carrier may be held responsible for the negligent acts of an unknown tortfeasor. *See e.g., Hoyle v. Carroll,* 646 S.W.2d 161, 162 (Tenn.1983) (court held that "[u]ninsured motorist insurance is intended to provide protection to individuals who suffer personal injury or property damage at the hands of uninsured motorists who cannot respond in damages[;]" and that allowing recovery from an uninsured motorist carrier in a hit and run situation where the tortfeasor is unknown is consistent with this policy). Accordingly, I find that the holding of *Brown v. Wal–Mart, supra,* is not applicable to this case.

■ Defendant Doe contends that the uninsured motorist statute is not applicable because there is no clear and convincing evidence that the phantom tortfeasor contributed to the accident; because there is no clear and convincing evidence of the identity of the phantom tortfeasor; and because there is no evidence that the alleged unknown motor vehicle operator made contact with the plaintiffs or caused them any bodily injury or property damage; and that therefore, the requirements of neither T.C.A. § 56–7–1201(e)(1)(A) nor (e)(1)(B) have been met.

In *Hoyle v. Carroll, supra,* an unidentified vehicle struck defendant Carroll's vehicle causing it to collide with the plaintiff's vehicle. The plaintiff sued the defendant and his uninsured motorist carrier for the injuries and property damages sustained in the accident. The

trial court dismissed the insurer from the lawsuit after finding that the actual physical contact requirement of T.C.A. § 56–7–1201(e)(1)(A) was not met since the unidentified vehicle did not have any physical contact with the plaintiff's car. The Tennessee Supreme Court reversed the trial court's decision dismissing the insurer and remanded the case for trial, holding as follows:

> We hold ... that actual physical contact between a hit and run vehicle and the person or property of the insured as required by T.C.A. § 56–7–1201(e)(1) occurs when the unidentified vehicle collides with a second automobile causing the second automobile to collide with the insured's vehicle. This result is consistent with the statutory purpose, the legislative intent in requiring actual physical contact, the case law of other jurisdictions and our own. (citation omitted).

*Hoyle,* 646 S.W.2d at 163.

It is alleged that an unidentified vehicle struck Ms. Graves' automobile causing Ms. Graves' automobile to collide with the plaintiffs. In light of the foregoing, I find that the requirements of T.C.A. § 56–7–1201(e)(1)(A) have been met such that the uninsured motorist statute has been properly invoked in this case. Additionally, even if the requirements of § 56–7–1201(e)(1)(A) were not met, I find that the requirements of § 56–7–1201(e)(1)(B) have also been met. This subsection requires that the existence of the unknown motorist be established by clear and convincing evidence, which evidence is provided by someone other than the occupants in the insured (plaintiffs') vehicle. In *Fruge v. Doe,* 952 S.W.2d 408 (Tenn.1997), the court held that the clear and convincing evidence requirement of subsection (B) applies only to the existence of the unknown motorist; and that "the other essential elements of the claim, including causation, may be established by the preponderance of the evidence." *Fruge,* 952 S.W.2d at 412. **All of the parties** and the two occupants of defendant Graves' vehicle have testified to the existence of the tractor trailer truck.

Accordingly, I am of the opinion that a jury could certainly reasonably find the testimony of the plaintiffs, defendant Graves, and the two occupants of Ms. Graves' car regarding the existence of the tractor trailer to be clear and convincing. Therefore, there is sufficient evidence in the record to satisfy the requirements of T.C.A. § 56–7–1201(e)(1)(B). The plaintiff need not present clear and convincing evidence that the unknown driver caused the resulting accident at this stage of the proceedings or at trial. *Fruge, supra.*

In light of all of the foregoing, I find that the case of *Brown v. Wal–Mart, supra,* does not preclude suit against the John Doe defendant in this case; and that genuine issues of material fact remain for trial regarding the issue of causation in this case. Accordingly, defendant Doe's motion for summary judgment is hereby **DENIED** [Doc. 17].

**IT IS SO ORDERED.**