# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 9, 2001 Session

## SHIRLEY IRENE BREEDING v. ROBERT LEWIS EDWARDS, ET AL.

### Appeal from the Circuit Court for Knox County
### No. 2-920-97     Wheeler A. Rosenbalm, Judge

### FILED JUNE 22, 2001

### No. E2000-01900-COA-R3-CV

We are asked to decide whether the Supreme Court's decision in the case of ***Brown v. Wal-Mart Discount Cities***, 12 S.W.3d 785 (Tenn. 2000), is applicable to a case in which a plaintiff seeks to recover under the uninsured motorist provisions of its policy based upon the alleged negligence of an unknown motorist, the existence of whom is first asserted by a named defendant. In the instant case, a vehicle driven by the plaintiff Shirley Irene Breeding was struck by a vehicle driven by the defendant Robert Lewis Edwards and owned by the defendant Johnston Coca Cola Bottling Group, Inc. ("Johnston"). She filed a complaint against these defendants within the period of the statute of limitations and secured the service of process upon her uninsured motorist ("UM") carrier, the appellee Farmers Insurance Exchange ("Farmers"). Outside the period of the statute of limitations, the defendants amended their answer to allege that an unknown motorist caused or contributed to the accident. Within 90 days, Breeding amended her complaint to add John Doe, *i.e.*, the unknown driver, as a party defendant. Farmers moved to dismiss the claim against it. It relied on ***Brown***, a slip and fall case. The trial court agreed with Farmers and dismissed Breeding's claim. Breeding appeals, asserting, *inter alia*, that ***Brown*** does not apply to the instant case. We reverse.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Todd J. Moody, Knoxville, Tennessee, for the appellant, Shirley Irene Breeding.

J. William Coley and B. Adam Newsome, Knoxville, Tennessee, for the appellee, Farmers Insurance Exchange.

### OPINION

I.

The accident in this case occurred on December 4, 1996. The plaintiff had brought her vehicle to a stop and was waiting to make a left turn into a business. A car driven by Edwards and owned by Johnston struck Breeding's vehicle from behind. Breeding filed suit against Edwards and Johnston on December 1, 1997. As a part of her original filing, she secured the service of process on Farmers, her UM carrier.

The named defendants, subsequent to the running of the personal injury statute of limitations, filed an amended answer, alleging, *inter alia*, that an unknown driver caused or contributed to the accident.[1] On July 12, 1999, Breeding filed an amended complaint alleging negligence on the part of the unknown driver, whom she identified as "John Doe." Upon the motion of Farmers, the trial court dismissed Breeding's claim against Farmers and certified its order as a final judgment pursuant to Tenn. R. Civ. P. 54.02. Breeding now appeals.

II.

The trial court dismissed Breeding's claim against Farmers "having considered the motion, upon hearing argument of counsel and after consideration of the record as a whole." The record contains no written material filed by the parties other than their pleadings. We therefore treat the trial court's dismissal of the claim as one pursuant to Tenn. R. Civ. P. 12.02. In considering an appeal of such a dismissal, we are "required to take the allegations of the complaint as true, and to construe the allegations liberally in favor of the plaintiff." *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn. 1984). The question before us is purely a question of law, and thus, our scope of review is *de novo* with no presumption of correctness as to the trial court's conclusions. *Montgomery v. Mayor of Covington*, 778 S.W.2d 444, 445 (Tenn. Ct. App. 1988).

III.

A.

This appeal focuses on the precedential value of **Brown v. Wal-Mart Discount Cities**, 12 S.W.3d 785 (Tenn. 2000) to cases, such as this one, involving the negligence of an unknown motorist, whose existence is first asserted by an already-sued defendant, in a situation where a plaintiff invokes the uninsured motorist coverage of its policy. In *Brown*, the plaintiff was injured when he slipped on ice and water on the floor of the defendant's store. *See id.* at 785. The defendant, by way of its answer, alleged that an unknown individual was responsible for the slippery material on the floor. It argued that the jury should be permitted to consider the fault of the unknown tortfeasor. *See id.* The trial court initially agreed, after which the jury returned a verdict assigning 30% of the fault to the defendant and 70% of the fault to the unknown tortfeasor. *See id.* Upon

---

[1] While it is not clear from the record exactly when the amended answer was filed, it is undisputed that the plaintiff's amended complaint was filed within 90 days of the filing of the amended answer.

motion for a new trial, however, the trial court held that it should not have allowed the jury to consider the fault of the unknown tortfeasor. Consequently, it assigned the 100% of fault found by the jury to the defendant. *See id*. The defendant appealed, first to this Court and then to the Supreme Court, which granted permission to appeal "to decide the issue of whether the defendant can attribute fault to an unidentified, or 'phantom,' tortfeasor." *See id*.

The Supreme Court began its analysis by discussing Tenn. R. Civ. P. 8.03, which provides, in pertinent part, as follows:

> In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute…comparative fault (including the identity or description of any other alleged tortfeasors)....

The Court explained that Rule 8.03 "allows a defendant to allege that a nonparty contributed to the plaintiff's damages, ultimately allowing the plaintiff to plead and serve, and the trier of fact to assign fault to, the comparative tortfeasor alleged in defendant's answer." *Brown*, 12 S.W.3d at 787. The Court held, however, that the pleading claiming the fault of another must identify or describe the other alleged tortfeasor with sufficient specificity to initiate discovery. *Id*.

The Supreme Court then turned its attention to *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992), the landmark case in which the Supreme Court adopted modified comparative fault. In *McIntyre*, the Court noted that there would be future cases involving nonparties that would require resolution by the High Court. *See Brown*, 12 S.W.3d at 787. In *Brown*, the Court stated the following:

> In adopting comparative fault, we attempted to reconcile the plaintiff's interest in being made whole with the defendant's interest in paying only that percentage of damages for which that particular defendant is responsible. We anticipated, however, that situations would arise in which one of these interests must yield to the other and that many issues regarding "nonparty" tortfeasors must "await an appropriate controversy."

*Id*. The Court in *Brown* then went on to quote the following language from *McIntyre*:

> [F]airness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought….However, in order for a plaintiff to recover a judgment against such additional person, the plaintiff must have made a timely amendment to his complaint and caused process to be served on such additional person.

> Thereafter, the additional party will be required to answer the amended complaint.

*See id*. at 787-88 (quoting *McIntyre*, 833 S.W.2d at 58).

The *Brown* Court pointed out that the legislature responded to one aspect of *McIntyre* by enacting T.C.A. § 20-1-119,[2] which "enable[s] a plaintiff to plead and serve nonparties alleged in a defendant's answer as potential tortfeasors…[if] a defendant raises comparative fault as an affirmative defense and the statute of limitations would otherwise bar the plaintiff's cause of action against the comparative tortfeasor alleged in defendant's answer." *Brown*, 12 S.W.3d at 788. The Court, finding that T.C.A. § 20-1-119 "contemplates that the plaintiff will actually know the identity of the alleged individual or entity," held that "unless the nonparty is identified sufficiently to allow the plaintiff to plead and serve process on such person pursuant to Tenn. Code Ann. § 20-1-119, the trial court should not permit the attribution of fault to the nonparty." *Id*.

B.

In the instant case, Farmers argues that because the driver whose alleged negligence is the predicate for the plaintiff's UM claim cannot be identified sufficiently to allow Breeding to plead and serve process upon that driver, no fault may be attributed to the unknown driver, and hence the UM carrier has no liability under the holding in *Brown*.

We disagree for two basic reasons. First, we find nothing in the language of *Brown* to suggest the Supreme Court intended that its holding there would apply to a negligence case involving

---

[2]T.C.A. § 20-1-119 (Supp. 2000), provides, in pertinent part, as follows:

(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:

(1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an "original complaint initiating the suit" or "an amended complaint" for purposes of this subsection.

an unknown motorist where the UM coverage is otherwise implicated, even if the existence of the unknown motorist and the latter's fault are first asserted in a response filed by an already-sued defendant.[3] In general terms, *Brown* prevents a *defendant* from "putting off" fault on an unknown tortfeasor, in those situations where it is the defendant who first raises the fault of the unknown tortfeasor. *Brown* does not expressly address whether a *plaintiff* can attempt to assign fault to an unknown tortfeasor under the facts of the instant case. *Brown*'s focus is on what a defendant cannot do; it does not concern itself with what a willing plaintiff can do. Put another way, we do not construe *Brown* as holding that fault can never, under any circumstances, be assigned to a phantom defendant; rather, as we read that case, it simply prevents a *defendant* from asserting the fault of an unknown individual or entity for the purpose of avoiding the imposition of fault on itself in a situation where the unknown tortfeasor's fault cannot lead to the entry of a judgment.

*Brown* should be viewed as a *shield* that can be used by a plaintiff to ward off a defendant's attempt to avoid the imposition of fault upon itself by assigning fault to one who, because of its phantom status, cannot be cast in judgment. Its holding was clearly designed to benefit a plaintiff. There is nothing in that holding to support the contention that *Brown* can be used as a *sword* against a *plaintiff* who attempts to assign fault to an unknown motorist in order to recover under the plaintiff's uninsured motorist coverage. There is a fundamental difference between *Brown* and the instant case. In *Brown*, there could be no recovery based upon the unknown tortfeasor's fault; in the UM case now before us, because of the presence of the UM carrier, there can be a recovery based upon the phantom's fault. Thus, the problem present in *Brown*, *i.e.*, the inability of the plaintiff to recover a judgment based upon the unknown tortfeasor's fault, does not come into play in the instant case.

It is an important "maxim not to be disregarded that general expressions, in every opinion are to be taken in connection with the case in which those expressions are used." *National Life & Accident Ins. Co. v. Eddings*, 188 Tenn. 512, 523, 221 S.W.2d 695, 699 (1949) (quoting *Cohens v. Virginia*, 6 Wheat. 264, 19 U.S. 264, 398, 5 L. Ed. 257, 290 (1821)). *Brown* does not expressly address a factual scenario involving uninsured motorist coverage. It is a slip and fall case without UM ramifications. The holding in *Brown*, when evaluated in context, is not a precedential bar to the plaintiff's claim against Farmers in this UM case.

The United States District Court for the Eastern District of Tennessee recently held that *Brown* does not preclude the imposition of fault upon a phantom driver in a case involving the liability of a UM carrier who is present in the litigation to respond for the unknown driver. *Resor v. Graves*, 108 F. Supp. 2d 929 (E.D. Tenn. 2000). We agree with United States Magistrate Judge Robert P. Murrian, who stated that

> although the actual alleged nonparty tortfeasor in this case…cannot
> be identified, named in the complaint, and served with process, there

---

[3]We do not need to decide in this case if the holding in *Brown* is applicable to a factual scenario involving an unknown motor vehicle driver where the uninsured motorist statutory scheme is not involved.

is an entity which stands in the shoes of the alleged nonparty tortfeasor, which entity can be identified, served with process, and represented in court, and can, if the jury so finds, be responsible for the portion of the unidentified phantom tortfeasor's percentage of fault…. In this way, both of the interests recognized in *McIntyre* – the plaintiff's interest in being made whole and the defendant's interest in paying only that percentage of damages for which that defendant is responsible – are satisfied and neither interest must yield to the other.

*Id*. at 932-33.

As a second reason for rejecting Farmers' basic *Brown* argument, we note that the Tennessee uninsured motorist statutes specifically contemplate that a UM carrier may be haled into court and held liable for the negligent acts of an unknown driver and the statutes do not provide for an exception to the liability of a UM carrier for those cases where the existence of an unknown motorist is first asserted by an already-sued defendant. Uninsured motorist coverage exists "for the protection of persons insured thereunder who are legally entitled to recover compensatory damages from owners or operators of uninsured motor vehicles…." T.C.A. § 56-7-1201(a) (2000). By statute, the concept of an uninsured motorist includes an unknown motor vehicle driver under certain circumstances. T.C.A. § 56-7-1206(b) (2000). That statute specifically addresses the situation where an insured is injured by an unknown motorist:

If the owner or operator of any motor vehicle which causes bodily injury or property damage to a person insured under this part is unknown and if such insured satisfies all of the requirements of § 56-7-1201(e), should suit be instituted the insured shall issue a John Doe warrant against the unknown owner or operator in order to come within the coverage of the owner's uninsured motorist policy. If the uninsured motorist's identity and whereabouts are discovered during the pendency of the proceeding, the provisions of subsection (e) shall govern the proper course of action following such discovery.

*Id*. T.C.A. § 56-7-1201(e) provides as follows:

If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured shall have no right to recover under the uninsured motorist provision unless:

(1)(A) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured; or

-6-

(B) The existence of such unknown motorist is established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle;

(2) The insured or someone in the insured's behalf shall have reported the accident to the appropriate law enforcement agency within a reasonable time after its occurrence; and

(3) The insured was not negligent in failing to determine the identity of the other vehicle and the owner or operator of the other vehicle at the time of the accident.

In light of these statutory provisions, we again agree with Judge Murrian, who opined that "the legislature, through the uninsured motorist statute, specifically contemplates that an uninsured motorist carrier may be held responsible for the negligent acts of an unknown tortfeasor." **Resor**, 108 F. Supp. 2d at 933.

C.

Quoting some of the predicate language of T.C.A. § 56-7-1201(a), Farmers argues that Breeding is not "legally entitled" to recover damages from the unidentified nonparty because "fault may not be attributed to that person where that person is not identified sufficiently to allow [Breeding] to plead and serve process on that person." Thus, so Farmers' argument goes, the UM statutes do not apply.

We are not persuaded by this reasoning. Farmers is, in effect, saying that **Brown** applies to all situations involving phantom parties-at-fault first identified by already-sued defendants, including UM cases, and that, therefore, the uninsured motorist statutes do not apply because Breeding is not "legally entitled" to recover. The argument assumes that which it sets out to prove, *i.e.*, that **Brown**, rather than the uninsured motorist statutes, applies to cases involving the negligence of an unknown driver identified by an already-sued defendant where a plaintiff seeks to recover under the uninsured motorist coverage. As previously stated, we are of the opinion that **Brown** does not apply in the context of UM cases. To hold otherwise would be to view **Brown** as carving out an exception to the UM statutory scheme. Courts have no such power. **Shelby County Election Comm'n v. Turner**, 755 S.W.2d 774, 777-78 (Tenn. 1988). Because we find that the holding in **Brown** does not apply to UM cases, that case cannot serve as a basis for finding that Breeding is not "legally entitled" to recover against Farmers under the facts of this case.

D.

Farmers next argues that Breeding cannot prove the existence of the phantom driver. Hence, so the argument goes, she cannot prove her case and her claim is subject to dismissal on the

pleadings.  To address this question, we again refer to T.C.A. § 56-7-1201(e), which provides, in pertinent part, as follows:

> If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured shall have no right to recover under the uninsured motorist provision unless:
>
> (1)(A) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured;  or
>
> (B) The existence of such unknown motorist is established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle.

In this case, it is alleged that there was no contact between the unknown vehicle and Breeding's person or property.  Thus, Breeding must satisfy the requirement of T.C.A. § 56-7-1201(e)(1)(B).  Farmers argues that Breeding has no right to recover against Farmers because she cannot, as a matter of law, satisfy the requirement of subsection (e)(1)(B).  More specifically, Farmers asserts that (1) Breeding is prohibited by the statute from establishing the existence of the phantom driver by relying upon evidence provided by the occupants of her vehicle; and (2) the defendant Edwards, under *Brown*, is prohibited from establishing the existence of the phantom driver.[4]  Thus, so the argument goes, the existence of the phantom driver cannot be established,

---

[4] Farmers relies upon the following language in *Brown*:

> After our review of the record, the parties' arguments, and applicable authority, we conclude that *a defendant may not attribute fault to a nonparty* who is not identified sufficiently to allow the plaintiff to plead and serve process on such person pursuant to Tenn. Code Ann. § 20-1-119, even if the defendant establishes the nonparty's existence by clear and convincing evidence.

12 S.W.3d at 789 (emphasis added).  Farmers argues that "may not attribute fault" includes the concept of "may not testify as to the unidentified party's fault."  Since we find that *Brown* does not apply to the facts of this case, we do not find it necessary to comment on Farmers' interpretation of this language from *Brown*.

either by the plaintiff or the defendant, and, consequently, Breeding has no right to recover against Farmers.[5]

This argument again assumes that *Brown* is applicable to cases involving unknown motorists under the facts of this UM case. As we have already stated, we do not agree with this contention. Thus, while it is true that Breeding is statutorily prohibited from establishing the existence of the phantom driver by way of evidence provided by the occupants of her vehicle, the existence of such driver may be established by clear and convincing evidence provided by the defendant Edwards, or by some third party other than an occupant of the plaintiff's vehicle.

E.

Finally, Farmers argues that Breeding's claim against it must fail because the statute of limitations expired before she amended her complaint to allege the negligence of the phantom driver.

The applicable statute of limitations for personal injuries is one year. *See* T.C.A. § 28-3-104(a)(1) (2000). However, if a defendant named in a complaint that was filed within the limitations period alleges that a nonparty caused or contributed to the injury or damage, and if the plaintiff's cause of action against that nonparty would otherwise be barred by the statute of limitations, the plaintiff has 90 days from the first pleading alleging the fault of the nonparty to add the nonparty as a defendant by amending his or her complaint. *See* T.C.A. § 20-1-119(a)(1).

Breeding's initial complaint was filed within the period of the statute of limitations. After the limitations period had expired, the defendant alleged the fault of an unknown nonparty. Breeding amended her complaint within 90 days of this allegation. Farmers argues that Breeding's complaint against the unknown driver is untimely. More specifically, it asserts (1) that under *Brown*, the defendants are prohibited from attributing fault to an unidentified nonparty; (2) that, therefore, Breeding cannot rely upon the defendant's allegation of the existence of an unknown nonparty; (3) that T.C.A. § 20-1-119, therefore, does not apply; and (4) that Breeding's complaint against the unknown driver was not timely filed.

Once again, Farmers' argument is contingent upon a finding that *Brown* applies to a case where an already-sued defendant asserts the existence of an unknown driver whose alleged negligence is the predicate for the liability of a UM carrier. Because we hold that it does not, we find that the defendants' allegation of the existence of a negligent unknown motorist was proper; that

---

[5]Of course, this particular argument assumes that there is no individual, other than Edwards or maybe an "occupant[] in the insured vehicle," who can testify to the "existence of such unknown motorist." We do not know, at this preliminary stage of the proceedings, whether this assumption is correct or not. This being the case, we arguably could have rejected this particular argument on the basis that even if *Brown* applies to the claim against an uninsured motorist in this case, the record before us does not show that the plaintiff cannot establish her UM claim without the assistance of the testimony of Edwards or an individual in the plaintiff's vehicle. However, since both parties seem to proceed on the assumption that Edwards is the sole witness to the existence of the unknown motorist, we have elected to address this second argument of Farmers.

Breeding's reliance upon this allegation was proper; and that Breeding's amendment of her complaint was timely under T.C.A. § 20-1-119.

IV.

In summary, we hold that a plaintiff has a statutory right to pursue an uninsured motorist claim against its carrier based upon the alleged negligence of an unknown motorist under the circumstances outlined in T.C.A. § 56-7-1201(e), whether the existence of that motorist is first asserted by an already-sued defendant or is initially alleged by the plaintiff. **Brown** does not affect that statutory right. We further hold that the plaintiff's claim against "John Doe" in the instant case was timely filed and that the plaintiff is "legally entitled" to recover against that unknown motorist should the trier of fact assign actionable fault to that driver. Finally, the issue as to whether a plaintiff can make out its case under the provisions of T.C.A. § 56-7-1201(e) is an evidentiary one and depends upon the proof at trial; that issue is also unaffected by **Brown**.

As the instant case presents a situation where the unknown motorist's fault can lead to the entry of a judgment, **Brown** does not prevent the defendants in this litigation from attempting to have fault allocated to the phantom driver. Any other approach would be unworkable in light of our decision that the plaintiff has a statutory right to pursue a UM claim against its carrier based upon the alleged negligence of the phantom driver. If the plaintiff can seek the allocation of fault to the phantom driver because there is UM coverage, so may the defendants have fault allocated to the same driver. Of course, there will be only one allocation of fault to this phantom driver.

V.

The judgment of the trial court is reversed. The case is remanded for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellee.

_____
CHARLES D. SUSANO, JR., JUDGE

-10-