**Lana MARLER, et al.**

v.

**Bobby E. SCOGGINS.**

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

Assigned on Briefs Oct. 31, 2002.

Dec. 11, 2002.

Robert L. Widerkehr, Jr., Chattanooga, for the appellant, Bobby E. Scoggins.

Hank Hill, Chattanooga, for the appellees, Linda Marler and Rodney Marler.

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

## OPINION

We granted this interlocutory appeal pursuant to Tenn. R.App. P. 9 in order to review the trial court's order striking the defendant's defense of comparative fault. This appeal raises the following issue: Can a defendant in an automobile accident case—in which the evidence establishes the existence of an unidentified motorist, in a manner authorized by Tenn.Code Ann. § 56–7–1201(e) (2000)—allege and attempt to prove the comparative fault of the unknown motorist if the plaintiff fails to assert a claim against the unknown motorist under the uninsured motorist (UM) statutory scheme, Tenn.Code Ann. § 56–7–1201, *et seq.?* We hold that a defendant under the stated circumstances can allege and attempt to assign fault to a phantom driver. Accordingly, we vacate the trial court's order and remand for further proceedings.

### I.

The complaint in the instant case alleges that the plaintiff[1] was injured when the automobile she was driving was struck in the rear by a vehicle driven by the defendant. The defendant filed an answer and counterclaim. In his answer, the defendant denied all allegations of negligence and proximate causation and alleged the fault of an "unnamed defendant":

> Defendant avers that the proximate cause of the automobile accident set forth in the Complaint was an unnamed defendant's negligent actions in sudden-

ly, and without warning, slamming on his brakes directly in front of the plaintiff Lana Marler, at which time the plaintiff slammed on her brakes, began skidding, lost control of her vehicle, and ultimately struck the guardrail located on Highway 27 at the scene of this accident.

\* \* \*

> Defendant avers that he did all that was possible to avoid making contact with the automobile being operated by plaintiff Lana Marler upon being confronted with a sudden emergency proximately caused by the aforementioned negligent action(s) of the unnamed defendant, either alone or in combination with the plaintiff Lana Marler's sudden slamming on of her brakes and resulting loss of control of the vehicle she was operating at the time of this accident.

The plaintiff did not seek to amend her complaint to sue the phantom driver. The reason for this failure is not clear; however, there is a strong suggestion in the record that either she did not have an automobile liability insurance policy or had elected not to carry UM coverage. Her reasoning for not pursuing a claim against the "John Doe" defendant is not material to our holding in this case.

The case proceeded to trial. The jury found the plaintiff and the defendant each 25% at fault and assigned the remaining 50% of fault to the phantom driver. Judgment was entered in favor of the plaintiff and against the named defendant in the amount of $350, based upon the jury's determination that the plaintiff's damages were $1,400.

---

1. There are actually two plaintiffs—the injured party, Lana Marler, and her husband, Rodney Marler. Mr. Marler's complaint is a derivative one for loss of consortium. For ease of reference, we will refer to the plaintiffs in the singular. In doing so, we are referring to Mrs. Marler.

The plaintiff filed a motion for a new trial, asserting that the damage award was inadequate. The trial court, acting as the thirteenth juror, granted the motion. However, before a new trial could be held, the Supreme Court released its opinion in *Brown v. Wal–Mart Discount Cities,* 12 S.W.3d 785 (Tenn.2000), a slip and fall case, in which the High Court held

> that the defendant may not attribute fault to a nonparty who is not identified sufficiently to allow the plaintiff to plead and serve process on such person pursuant to Tenn.Code Ann. § 20–1–119 (1994 & Supp.1999), even if the defendant establishes the nonparty's existence by clear and convincing evidence.

*Id.* at 786. The plaintiff in the instant case moved the trial court, under *Brown* and Tenn.Code Ann. § 56–7–1201(e),[2] to strike the quoted portion of the answer. The trial court entered an order striking the defense of the comparative fault of the unidentified nonparty. The court stated that it was acting under the authority of *Brown* and Tenn.Code Ann. § 56–7–1201(e).[3]

The trial court's order does not recite with specificity the trial court's reasoning with respect to Tenn.Code Ann. § 56–7–1201(e) and the *Brown* case. However, the parties agree that the trial court ruled as it did because it concluded—apparently based upon its interpretation of our decision in *Breeding v. Edwards,* 62 S.W.3d 170 (Tenn.Ct.App.2001) (No Tenn. R.App. P. 11 application filed)—that the holding in *Brown* would apply to the facts of the instant case since the plaintiff did *not* assert a claim under the UM statute. Furthermore, since neither party argues to the contrary, we assume that the evidence at the first trial brought the phantom driver within the provisions of Tenn.Code Ann. § 56–7–1201(e) so as to authorize the pursuit of a claim under the uninsured motorist statutory scheme had the plaintiff chosen to do so.

## II.

■■■ The defendant's argument on appeal is stated in multiple stages, building to his conclusion that the trial court erred in granting the plaintiff's motion to strike. First, he points out—correctly so—that the purpose behind the uninsured motorist statutory scheme "is to provide protection for an innocent party by making the insurance carrier stand up as the insurer of the uninsured motorist." *Dunn v. Hackett,* 833 S.W.2d 78, 82 (Tenn.Ct.App.1992). With this in mind, he contends, in his words, that "it was the [plaintiff's] own actions, in either not purchasing automobile liability insurance, or consciously deciding to reject uninsured

---

**2.** Tenn.Code Ann. § 56–7–1201(e) provides as follows:

> If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured shall have no right to recover under the uninsured motorist provision unless:
> (1)(A) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured; or
> (B) The existence of such unknown motorist is established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle;

> (2) The insured or someone in the insured's behalf shall have reported the accident to the appropriate law enforcement agency within a reasonable time after its occurrence; and
> (3) the insured was not negligent in failing to determine the identity of the other vehicle and the owner or operator of the other vehicle at the time of the accident.

**3.** Actually, the trial court's order recites that the court relied upon "T.C.A. § 56–7–*201*(e)." (Emphasis added). This is obviously a mistake as Tenn.Code Ann. § 56–7–201 addresses an aspect of the subject of life insurance.

motorist coverage in writing, that has created this dilemma resulting in the [t]rial [c]ourt's ruling." He concludes that "it is patently unfair and incorrect to prevent [him] from asserting the affirmative defense of negligence on the part of the unidentified non-party" solely because of the plaintiff's failure to avail herself of the statutory protection. Finally, he argues that to permit a plaintiff to sue a defendant for 100% of fault when that defendant is less than 100% at fault is contrary to the "uninsured motorist statute and the comparative fault doctrine as set forth in *McIntyre* and its progeny."

### III.

■ The issue presented for our review is one of law. Accordingly, our review is *de novo* with no presumption of correctness. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn.1996).

### IV.

Modified comparative fault has been a part of Tennessee jurisprudence since 1992. In *McIntyre v. Balentine,* 833 S.W.2d 52 (Tenn.1992), the Supreme Court, in supplanting the doctrine of contributory negligence, recognized that cases would arise where named defendants should be permitted to allege and prove the fault of unnamed parties:

> ... fairness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought. In cases where such a defense is raised, the trial court shall instruct the jury to assign this nonparty the percentage of the total negligence for which he is responsible. However, in order for a plaintiff to recover a judgment against such additional person, the plaintiff must have made a timely amendment to his complaint and caused process to be served on such additional person. Thereafter, the additional party will be required to answer the amended complaint. The procedures shall be in accordance with the Tennessee Rules of Civil Procedure.

*Id.* at 58.

Following the release of the opinion in *McIntyre,* the General Assembly enacted what is now codified at Tenn.Code Ann. § 20–1–119 (Supp.2002). The thrust of that statute was addressed by the Supreme Court in the case of *Brown v. Wal–Mart Discount Cities,* 12 S.W.3d 785 (Tenn.2000):

> The legislature responded to our decision in *McIntyre* by enacting Tenn.Code Ann. § 20–1–119 to enable a plaintiff to plead and serve nonparties alleged in a defendant's answer as potential tortfeasors. This section applies when a defendant raises comparative fault as an affirmative defense and the statute of limitations would otherwise bar the plaintiff's cause of action against the comparative tortfeasor alleged in defendant's answer. Within ninety days of the filing of the defendant's answer alleging that a person not a party to the suit caused or contributed to the injury or damages for which the plaintiff seeks recovery, the plaintiff may either "[a]mend the complaint to add such person as a defendant" or "[i]nstitute a separate action against that person." Tenn.Code Ann. § 20–1–119(a)(1), (2). "Person" is defined as "any individual or legal entity." Tenn.Code Ann. § 20–1–119(f).

*Id.* at 788. In *Brown,* the Supreme Court held that the owner of a Wal–Mart Store— who was sued by a patron when the shopper slipped and fell "on ice and water that

had been spilled on the floor in [the] store," *id.* at 785,

> [could] not attribute fault to a nonparty who is not identified sufficiently to allow the plaintiff to plead and serve process on such person pursuant to Tenn.Code Ann. § 20–1–119, even if the defendant establishes the nonparty's existence by clear and convincing evidence.

*Id.* at 789. In so holding, the Supreme Court pointed out that "Tenn.Code Ann. § 20–1–119 contemplates that the plaintiff will actually know the identity of the alleged individual or entity [whose fault is alleged by the named defendant]." *Id.* at 788.

In *Breeding v. Edwards*, 62 S.W.3d 170 (Tenn.Ct.App.2001), an individual injured in an automobile accident sued the driver of the car that struck the plaintiff's vehicle from behind. *Id.* at 171. "As a part of her original filing, [the plaintiff] secured the service of process on ... her UM carrier." *Id.* Following the expiration of the one-year statute of limitations, the defendant Edwards amended his complaint to allege that an unknown driver "caused or contributed to the accident." *Id.* The plaintiff then amended his complaint to make the unknown driver a named defendant. *Id.* at 171–72. The plaintiff's UM carrier moved to dismiss the complaint against the phantom driver and the trial court granted the motion based upon the holding in *Brown. Id.* at 172.

On appeal, we reversed the trial court, holding

> that a plaintiff has a statutory right to pursue an uninsured motorist claim against its carrier based upon the alleged negligence of an unknown motorist under the circumstances outlined in [Tenn.Code Ann.] § 56–7–1201(e), whether the existence of that motorist is first asserted by an already-sued defendant or is initially alleged by the plain-

tiff. *Brown* does not affect that statutory right.

* * *

As the instant case presents a situation where the unknown motorist's fault can lead to the entry of a judgment, *Brown* does not prevent the defendants in this litigation from attempting to have fault allocated to the phantom driver. Any other approach would be unworkable in light of our decision that the plaintiff has a statutory right to pursue a UM claim against its carrier based upon the alleged negligence of the phantom driver.

*Id.* at 178. In *Breeding*, we dropped a footnote, pointing out that

> [w]e do not need to decide in this case if the holding in *Brown* is applicable to a factual scenario involving an unknown motor vehicle driver where the uninsured motorist statutory scheme is not involved.

*Id.* at 174 n. 3.

## V.

The plaintiff argued below, and argues here, "that [their] failure ... to possess uninsured motorist coverage makes the *Breeding* holding inapplicable since there is not an uninsured motorist carrier from which the Plaintiffs can recover for any fault allocated to the unidentified non-party." The plaintiff urges us to adopt the rationale of *Brown* and hold that the trial court was correct in striking the defense of comparative fault. She believes that such a holding was foretold by us in the footnote to *Breeding* quoted earlier in this opinion.

The plaintiff has misconstrued the import of our opinion in *Breeding*, particularly footnote 3 to that opinion. In *Breeding*, we were dealing with a case where the plaintiff had followed through with her "statutory right to pursue an uninsured

motorist claim against [her] carrier based upon the alleged negligence of an unknown driver under the circumstances outlined in [Tenn.Code Ann.] § 56–7–1201(e)." *Id.* at 178. Our comments and holding must be read in that context.[4] We did not address what the result would be if Tenn.Code Ann. § 56–7–1201(e) was implicated, but a plaintiff, for whatever reason, failed to pursue his or her rights under the uninsured motorist statutory scheme.

Contrary to the plaintiff's belief, our footnote 3 to the *Breeding* opinion was not intended to address the factual scenario now before us. On the contrary, it was intended to exclude, from the *Breeding* holding, those cases where the "uninsured motorist statutory scheme *is not* involved." *Id.* at 174 n. 3 (emphasis added). The uninsured motorist statutory scheme *is* involved in the instant case because the facts of this case afford the plaintiff the *right* to do what the plaintiff in *Brown* could not do, that is, attempt to cast the unidentified tortfeasor in judgment in a meaningful way. Such would have been the case here had the plaintiff had uninsured motorist coverage *and* had she chosen to timely serve her carrier with process as permitted under the statutory scheme.

In *Brown*, the plaintiff could not sue and attempt to recover against a tortfeasor whose identity was unknown. That is what prompted the Supreme Court to hold that the defendant there could not attempt to "put off" fault on the phantom individual. The General Assembly, in a situation such as the one now before us, has set in place a procedure whereby a party can sue—and, if successful, recover against—an unknown party, by way of the resources of the plaintiff's uninsured motorist carrier. The public policy of this state, as expressed in the uninsured motorist statutory scheme, has the effect of taking this case out of the rationale underpinning the holding in *Brown.* We hold that *Brown* simply does not apply to the facts of the instant case.

We agree with the defendant that the right to assign fault to another under the rubric of *McIntyre* prevails in a situation where the existence of the unknown motorist is established in one of the ways authorized by Tenn.Code Ann. § 56–7–1201(e). The fact that a plaintiff does not have an automobile liability insurance policy, or has elected to decline uninsured motorist coverage, or, for whatever reason, has failed to timely pursue a claim against his or her carrier, is immaterial. The law gives an injured individual that right and the failure to pursue it cannot deprive a defendant of the right to assign fault to an unknown motorist.[5]

### VI.

The judgment of the trial court is vacated and this case is remanded for further proceedings. Costs on appeal are taxed to the appellees, Linda Marler and Rodney Marler.

---

4. *See Breeding,* 62 S.W.3d at 174 citing from earlier cases to the effect that "[i]t is an important 'maxim not to be disregarded that general expressions in every opinion are to be taken in connection with the case in which those expressions are used.' "

5. What we did not address in *Breeding* and what we do not address in this case is whether a defendant can attempt to assign fault to an unidentified driver where the evidence fails to establish the existence of that driver in one of the ways authorized by Tenn.Code Ann. § 56–7–1201(e).