IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FILED

January 31, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

Filed: __January 31, 2000__

JOEY BROWN, as next friend and )
natural guardian of )
MITCHELL W. BROWN, )
       ) LAWRENCE COUNTY
          Appellee, )
       )
Vs. ) HON. JIM T. HAMILTON,
       ) JUDGE
WAL-MART DISCOUNT CITIES, )
       )
          Appellant. ) No. M1997-00138-SC-R11-CV

__For the Appellant:__

Tracy Shaw
Alice Margaret Essary
HOWELL & FISHER
Nashville, Tennessee

__For the Appellee:__

John A. Day
Donald Capparella
BRANHAM & DAY
Nashville, Tennessee

W. Charles Doerflinger
Lawrenceburg, Tennessee

# O P I N I O N

COURT OF APPEALS' JUDGMENT
AFFIRMED, AS MODIFIED.

ANDERSON, C.J.

We granted the application for permission to appeal in this slip and fall case to decide the issue of whether the defendant can attribute fault to an unidentified, or "phantom," tortfeasor.

In this case, the plaintiff was injured when he slipped on ice and water that had been spilled on the floor in defendant's store. The defendant argued that the jury should be allowed to consider the fault of the unidentified tortfeasor responsible for spilling the ice and water.

The trial judge instructed the jury that it could consider the fault of the unidentified tortfeasor, and the jury found that the plaintiff had sustained damages in the total amount of $2,625.00. The jury assigned 30% of fault to the defendant and 70% of fault to the unidentified tortfeasor. Upon the plaintiff's motion for a new trial, however, the trial judge issued an order assigning 100% of plaintiff's damages to defendant, finding that it had erred in allowing the jury to assign fault to the unidentified tortfeasor. Accordingly, the trial judge overruled the motion for new trial and held the defendant liable for the entire judgment.

The Court of Appeals affirmed the trial court's judgment, emphasizing the jury's finding that the defendant was negligent and holding that the defendant should not be able to attribute any of the fault to an unidentified nonparty unless the defendant can prove the "existence" of the nonparty "whose fault contributed to the plaintiff's injuries by clear and convincing evidence." Because the defendant failed to do so, the Court of Appeals held that "the trial judge correctly attributed all the fault to the original defendant."

After our consideration of the record, the parties' arguments, and the applicable authority, we conclude that the defendant may not attribute fault to a nonparty who is not identified sufficiently to allow the plaintiff to plead and serve process on such person pursuant to Tenn. Code Ann. § 20-1-119 (1994 & Supp. 1999), even if the defendant establishes the nonparty's existence by clear and convincing evidence.

**BACKGROUND**

Three-year-old Mitchell Brown broke his ankle when he slipped and fell on ice and water in the vestibule of defendant Wal-Mart's store. At trial, Mitchell Brown's mother, Lisa Brown, testified that she entered the vestibule with her two young children and walked toward the pay telephone to make a call to her husband. As she proceeded to make the call, Ms. Brown saw that her children were standing in the middle of ice and water spilled on the floor. She testified that as soon as she stretched out her hand and told her children to come toward her, her son Mitchell fell. Ms. Brown also testified that when she first entered the store, she noticed a Wal-Mart employee standing at a door to the vestibule.

There was no evidence presented concerning who spilled the ice and water. According to the testimony of Mark Morgan, the assistant manager on duty at the time of the accident, both a cup and the ice on the floor were from Wal-Mart's self-serve fountain drink dispenser.

Morgan testified that Wal-Mart's policy was to restrict all drinks to the snack area of the store. Morgan conceded, however, that he was aware of customers carrying drinks throughout the store and that a customer could enter the store, purchase a drink, and leave through any of the store's exits without violating the policy to restrict drinks to the snack area. Moreover, Kevin Brewer, a Wal-Mart employee working on the day of the accident, testified that he could get fired if he were to stop anyone from leaving the snack area with a drink.

Brewer also testified that he was responsible for maintaining the safety of the vestibule. He stated that he had walked through the vestibule "probably within the last five minutes" before the accident occurred and that he had not seen any spills on the floor. Brewer claimed that when he cleaned up the spill after the accident, the ice cubes "were still in ice form . . . still real hardened," so he believed that the spill had not been on the floor for a very long period of time.

At the close of the proof, the trial court instructed the jury that they

> must determine the fault, if any, of the parties. . . . What I'm talking about when I say "parties" in this case is the unknown -- what the law calls an unknown tortfeasor. [Wal-Mart's counsel] argued to you about this person or persons who left this cup of ice on the floor -- that unknown person.

The jury found that plaintiff suffered damages in amount of $2,625.00, and assigned 30% of the fault to Wal-Mart and 70% of fault to the "unknown person." Consequently, the court ordered that Wal-Mart pay the plaintiff $787.50.

The plaintiff filed a motion for a new trial, arguing that the trial court erred by allowing the jury to consider the fault of the unidentified nonparty. The trial court agreed with the plaintiff, stating that "[t]here is no way the Plaintiff in the instant case could sue and obtain judgment against whomever left the cup of ice on the floor at Wal-Mart, because no one knows who to sue." Because the trial court was satisfied with the jury's assessment of plaintiff's total damages, it overruled the motion for a new trial but ordered that the judgment of $2,625.00 would "remain intact," which effectively assigned 100% of the fault to Wal-Mart.

On appeal, the Court of Appeals affirmed the trial court, stressing that the jury must have found that Wal-Mart had constructive notice of the dangerous condition. The Court of Appeals further reasoned, however, that the "phantom tortfeasor" defense is consistent with this Court's cases since our adoption of a modified version of comparative fault. Accordingly, the Court of Appeals held that "[s]ince the phantom tortfeasor defense can be easily abused, we think the original defendant should be required to prove the existence of a third party whose fault contributed to the plaintiff's injuries by clear and convincing evidence." Because the court found that the defendant had failed to do so, it concluded that "the trial judge correctly attributed all the fault to the original defendant."

We granted defendant Wal-Mart's application for permission to appeal.

**<u>DISCUSSION</u>**

The issue presented is a question of law, and our review is de novo with no presumption of correctness. Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

We begin our analysis with the Tennessee Rules of Civil Procedure, which govern complaints and answers. Wal-Mart argues that under the Tennessee Rules of Civil Procedure, a defendant need only describe another potential tortfeasor in an

answer in order for the jury to attribute fault to such a tortfeasor. Tenn. R. Civ. P. 8.03. This rule states in pertinent part:

> In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute . . . comparative fault (including the identity or description of any other alleged tortfeasors).

Id. (emphasis added). According to Wal-Mart, the language "identity or description" could arguably encompass an unidentified comparative tortfeasor.

Rule 8.03 is a rule of pleading which allows a defendant to allege that a nonparty contributed to the plaintiff's damages, ultimately allowing the plaintiff to plead and serve, and the trier of fact to assign fault to, the comparative tortfeasor alleged in defendant's answer. Rule 8.03 contemplates that at the pleading stage, either the identity or a description of another potential tortfeasor is sufficient to initiate discovery. Cf. George v. Alexander, 931 S.W.2d 517, 521-22 (Tenn. 1996) (reasoning that a defendant intending to argue that a nonparty was the cause in fact of plaintiff's injury must identify or describe the nonparty in strict adherence to Tenn. R. Civ. P. 8.03 because a plaintiff should be afforded timely notice of the other potential tortfeasor). Tennessee's case law and statutory law both indicate, however, that when pre-trial discovery fails to identify the "described" comparative tortfeasor alleged in defendant's answer, the defendant should not be allowed to argue, and the trier of fact should not be permitted to make a determination, that a percentage of fault should be attributed to the unidentified nonparty. _____

_____

This Court expressed its concern regarding future cases involving nonparties when we adopted a modified version of comparative fault in McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992). In adopting comparative fault, we attempted to reconcile the plaintiff's interest in being made whole with the defendant's interest in paying only that percentage of damages for which that particular defendant is responsible. We anticipated, however, that situations would arise in which one of these interests must yield to the other and that many issues regarding "nonparty" tortfeasors must "await an appropriate controversy." Id. at 60 (opinion on petition to rehear). In this regard, we stated that:

> fairness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege,

> as an affirmative defense, that a nonparty caused or
> contributed to the injury or damage for which recovery is
> sought. . . . <u>However, in order for a plaintiff to recover a
> judgment against such additional person, the plaintiff must
> have made a timely amendment to his complaint and
> caused process to be served on such additional person</u>.
> Thereafter, the additional party will be required to answer the
> amended complaint.

<u>Id.</u> at 58 (emphasis added).

The legislature responded to our decision in <u>McIntyre</u> by enacting Tenn. Code Ann. § 20-1-119 to enable a plaintiff to plead and serve nonparties alleged in a defendant's answer as potential tortfeasors. This section applies when a defendant raises comparative fault as an affirmative defense and the statute of limitations would otherwise bar the plaintiff's cause of action against the comparative tortfeasor alleged in defendant's answer. Within ninety days of the filing of the defendant's answer alleging that a person not a party to the suit caused or contributed to the injury or damages for which the plaintiff seeks recovery, the plaintiff may either "[a]mend the complaint to add such person as a defendant" or "[i]nstitute a separate action against that person." Tenn. Code Ann. § 20-1-119(a)(1), (2). "Person" is defined as "any individual or legal entity." Tenn. Code Ann. § 20-1-119(f).

Accordingly, in providing that a plaintiff should either amend the complaint or institute a separate suit against the "person" alleged as a comparative tortfeasor in defendant's answer, Tenn. Code Ann. § 20-1-119 contemplates that the plaintiff will actually know the identity of the alleged individual or entity. <u>See</u> <u>Ridings</u>, 914 S.W.2d at 82 (stating that this section "contemplates that those persons to whom fault may be attributed are limited to those against whom liability for the plaintiff's damages may be asserted."). Contrary to the conclusion of the Court of Appeals, clear and convincing evidence of the existence of a phantom tortfeasor is not sufficient identification for purposes of pleading and serving process. In our view, unless the nonparty is identified sufficiently to allow the plaintiff to plead and serve process on such person pursuant to Tenn. Code Ann. § 20-1-119, the trial court should not permit the attribution of fault to the nonparty.

Despite Tennessee's rules of pleading and statutory developments since <u>McIntyre</u>, Wal-Mart argues that the case of <u>Snyder v. LTG Lufftechnische GmbH</u>, 955

S.W.2d 252 (Tenn. 1997), permits the attribution of fault against a "phantom" tortfeasor. We disagree.

Snyder was a products liability case involving an employee who was injured by an allegedly defective product in the course and scope of his employment. In that case, we emphasized that a defendant product manufacturer should not "effectively be precluded from presenting a defense." Id. at 256. We reasoned:

> A defense that the product was not defective or unreasonably dangerous when it left the defendants' control would not be credible unless the defendants were permitted to introduce evidence as to what actually happened to the product leading up to the incident that injured the plaintiff.

Id. Accordingly, we held that the jury could consider the immune employer's conduct in determining the cause in fact of plaintiff's injuries. The jury in Snyder, however, was precluded from assigning fault to a party against whom the plaintiff could not assert a cause of action. We therefore reject Wal-Mart's argument that Snyder demands a different outcome in this case.

From our review of other jurisdictions, it appears that the resolution of this issue of an unidentified, or "phantom," tortfeasor depends primarily upon how each jurisdiction interprets its own comparative fault statute and rules of pleading, and that there is not a clear majority rule. However, we find persuasive the policy reasons relied upon by the Superior Court of New Jersey, which is also a modified comparative fault state, in the case of Bencivenga v. J.J.A.M.M., Inc., 609 A.2d 1299 (N.J. Super. Ct. App. Div. 1992). In holding that an unidentified tortfeasor may not be considered when apportioning fault, the court reasoned:

> The amount of plaintiff's judgment and amount of defendant's liability will vary depending upon whether the absent-unnamed person's negligence is considered by the fact finder. Defendant, however, has a greater incentive to join and name additional potential tortfeasors or to see that they are identified. . . . Thus, defendant has significant incentive in naming and joining multiple tortfeasors so as to create the potential for diminishing defendant's percentage of liability. . . . Given that incentive, it is appropriate to place upon defendant the burden of finding and naming any additional person since it is to defendant's advantage to spread the risk or defeat the claim.

Id. at 1304.  As the New Jersey court recognized, a defendant has a substantial interest in finding and naming all potential tortfeasors in order to diminish its percentage of fault. In our view, to allow a defendant to attribute fault to an unidentified nonparty would not only diminish a defendant's incentive to identify additional tortfeasors, cf. George, 931 S.W.2d at 521-22, but also would effectively impose a burden on the plaintiff to "defend" the unidentified nonparty.

Finally, in light of our conclusion that the trier of fact should not have been permitted to assign fault to an unidentified nonparty, we agree with the Court of Appeals that the trial judge did not err in assigning 100% of the fault to Wal-Mart upon the plaintiff's motion for a new trial.  The trial judge did not usurp the role of the jury as we cautioned against in Turner v. Jordan, 957 S.W.2d 815, 824 (Tenn. 1997) (where trial court "correctly determined that it lacked the authority to reapportion . . . fault in its role as thirteenth juror").  Rather, as the Court of Appeals reasoned, "the [trial judge] was assigning 100 percent of the damages assessed by the jury to Defendant in light of the legal conclusion that Defendant's fault could not be shared with an unknown tortfeasor." Accordingly, we affirm the Court of Appeals decision that Wal-Mart is liable for the entire judgment of $2,625.00.

## CONCLUSION

After our review of the record, the parties' arguments, and applicable authority, we conclude that a defendant may not attribute fault to a nonparty who is not identified sufficiently to allow the plaintiff to plead and serve process on such person pursuant to Tenn. Code Ann. § 20-1-119, even if the defendant establishes the nonparty's existence by clear and convincing evidence.  Consequently, we affirm the Court of Appeals' judgment as modified on the separate grounds stated.  Costs of appeal shall be paid by the defendant for which execution shall issue if necessary.

_____
RILEY ANDERSON, CHIEF JUSTICE

**Concur:**
Drowota, Birch, Holder, Barker, JJ.