IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 2000 Session

## CHRISTOPHER J. MOORE v. ROBERT S. JOHNSON, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 2-675-95     Harold Wimberly, Judge**

**SEPTEMBER 26, 2000**

**No. E2000-00385-COA-R3-CV**

This is a personal injury action arising out of an automobile accident. The jury returned a verdict in favor of the plaintiff, finding that the defendant and an unidentified driver were equally at fault in causing the accident. The defendant appeals, raising issues that require us to determine whether there is material evidence in the record to support the jury's verdict. We conclude that there is material evidence to support the verdict and thus affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

George H. Buxton, Oak Ridge, Tennessee, for the appellant, Robert S. Johnson.

W. Zane Daniel, Knoxville, Tennessee, for the appellee, Christopher J. Moore.

**OPINION**

I. *Facts*

This accident occurred on Highway 33 in Knox County, a four-lane highway divided by a paved median. The plaintiff, Christopher J. Moore, was driving in the left northbound lane. The defendant, Robert S. Johnson, was driving in the left southbound lane. The defendant was attempting to pass a white van in the right southbound lane when the van suddenly swerved approximately six feet into the defendant's lane. To avoid the van, the defendant moved to the left, crossed the paved median and struck the plaintiff's vehicle. The plaintiff was thrown from his vehicle and suffered multiple serious injuries. The driver of the white van was never identified. There was no contact between the defendant's vehicle and the white van.

The plaintiff sued Johnson ("the defendant") and "John Doe I,"[1] the unidentified driver of the white van, alleging that both were negligent.[2] The case proceeded to trial. At the close of all the proof, the defendant moved for a directed verdict, which was denied. The jury returned a verdict in favor of the plaintiff, finding that the defendant and the unidentified driver were each 50% at fault for the accident. The jury determined that the plaintiff's total damages were $387,500. The trial court entered a judgment in favor of the plaintiff for $193,750, being 50% of the total damages. Thereafter, the defendant filed a post-judgment motion, seeking a remittitur, or, in the alternative, a new trial, and moved for a judgment in accordance with his prior motion for a directed verdict. The trial court approved the jury's verdict and denied the defendant's motions.

## II. *Issues*

The defendant appeals, arguing that the trial court erred (1) by not granting the defendant's motion for directed verdict; and (2) by approving the jury's verdict and denying the defendant's motion for a new trial or, in the alternative, a remittitur.

## III. *Standard of Review*

We review the trial court's denial of the defendant's motion for a judgment in accordance with his motion for a directed verdict as we would a denial of a directed verdict motion. ***Holmes v. Wilson,*** 551 S.W.2d 682, 685 (Tenn. 1977). A directed verdict is appropriate only when the evidence is susceptible to but one conclusion. ***Eaton v. McLain,*** 891 S.W.2d 587, 590 (Tenn. 1994). We must take the strongest legitimate view of the evidence favoring the opponent of the motion. ***Id.*** In addition, all reasonable inferences in favor of the opponent of the motion must be allowed, and all evidence contrary to the opponent's position must be disregarded. ***Id.***

In performing its function as a thirteenth juror, a trial court must weigh the evidence to determine if the court is independently satisfied with the jury's verdict. ***Ridings v. Norfolk S. Ry. Co.,*** 894 S.W.2d 281, 288 (Tenn. Ct. App. 1994). When a trial court has approved a verdict, our review is limited to a determination of whether there is material evidence to support the verdict. *See* Tenn. R. App. P. 13(d); *see also* ***Shivers v. Ramsey,*** 937 S.W.2d 945, 947 (Tenn. Ct. App. 1996).

---

[1] The plaintiff also sued "John Doe II," the owner of the white van, in case the owner "be different from John Doe I."

[2] This case is not controlled by ***Brown v. Wal-Mart Discount Cities***, 12 S.W.3d 785 (Tenn. 2000), wherein the Supreme Court concluded that "a defendant may not attribute fault to a nonparty who is not identified sufficiently to allow the plaintiff to plead and serve process on such person…, even if the defendant establishes the nonparty's existence by clear and convincing evidence." ***Id***. at 789. In the instant case, the plaintiff did not challenge at trial the propriety of allowing the jury to consider whether fault should be assigned to the unidentified driver; in fact, as previously indicated, the plaintiff sued the unidentified driver and alleged that he or she was negligent. It should also be noted that the plaintiff does not argue the applicability of ***Brown*** on this appeal.

IV. *Discussion*

To successfully assert a negligence claim, a plaintiff must establish the following elements:

> (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation.

**Rice v. Sabir,** 979 S.W.2d 305, 308 (Tenn. 1998).

The defendant argues that he was exercising the same degree of care that any reasonable person would have exercised when confronted with the "sudden emergency" that arose when the van swerved unexpectedly into his lane. He contends that the sole proximate cause of the plaintiff's injuries was the negligence of the unidentified driver, who, the defendant argues, created a situation in which it was "impossible" for the defendant to avoid hitting the plaintiff.

The existence of a "sudden emergency" requiring a defendant to make a hasty decision is one of several factors that a jury may consider in allocating fault. *See **Eaton,*** 891 S.W.2d at 592. We will set aside a jury's allocation of fault and grant a new trial only if there is no material evidence to support the verdict. *See **Turner v. Jordan,*** 957 S.W.2d 815, 824 (Tenn. 1997).

Construing the evidence as we must, we find that there is material evidence in the record to support a finding that the defendant was 50% at fault for the accident. The defendant testified that he was traveling between 53 and 57 miles per hour when he attempted to pass the white van. The speed limit at the site of the accident was 55 miles per hour. Thus, the jury could have reasonably concluded from all of the evidence, especially the dynamics of the accident, that the defendant was traveling in excess of the posted speed limit when the van swerved into his lane. There is also material evidence from which the jury could have concluded that the defendant's speed adversely affected his ability to control his vehicle and avoid a collision with the plaintiff's vehicle as he moved his vehicle to the left. The defendant testified that the van came about halfway into his lane, *i.e.*, about six feet. The evidence reflects that each lane of the highway was 12 feet wide, and the paved median separating the northbound and southbound lanes was 4 feet wide. The defendant's vehicle was 5 feet wide. From these facts, the jury could have reasonably concluded that the defendant had sufficient room to avoid the white van without hitting the plaintiff's vehicle and that his failure to do so was because of his speed.

The trial court was correct in denying the defendant's motion for directed verdict. There is material evidence to support the jury's verdict allocating 50% of the fault to the defendant.

## V. *Conclusion*

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant. This case is remanded for enforcement of the judgment and collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE