IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 9, 2002 Session

## MICHAEL D. MATTHEWS v. NATASHA STORY, ET AL.

**Appeal from the Circuit Court for Hawkins County
No. 10381/5300J    John K. Wilson, Judge**

**FILED JANUARY 28, 2003**

**No. E2002-00517-COA-R3-CV**

---

This case arises out of a one-vehicle accident in which the plaintiff, Michael D. Matthews, was injured. The plaintiff filed suit, naming Tammy Y. Morelock ("Morelock") as the sole defendant. He alleged that Morelock was a passenger in the vehicle the plaintiff was driving and that Morelock's negligence had caused his injuries. When the plaintiff later learned that the negligent passenger was actually an individual by the name of Natasha Story ("Story"), the plaintiff attempted to amend his complaint to add Story as a defendant. The trial court dismissed the plaintiff's claim against Story, holding the statute of limitations barred the amendment. The trial court also granted the defense's motion for summary judgment, finding that the family purpose doctrine does not apply to the facts of the case at bar. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Phillip L. Boyd, Rogersville, Tennessee, for the appellant, Michael D. Matthews.

Patrick Ledford and Tausha M. Carmack, Kingsport, Tennessee, for the appellees, Natasha Story and Tammy Y. Morelock.

### OPINION

### I.

On February 21, 2000, the plaintiff and a friend were joined by Story and another friend at Jim's Game Room in Rogersville. The group of four left the game room in Story's automobile. The plaintiff was driving and Story was in the backseat. After stopping for gas, the four proceeded toward Morristown, with the plaintiff still driving. The plaintiff alleges that, while they were en route to Morristown, Story leaned over the front seat of the vehicle and partially across the plaintiff

in order to turn on the vehicle's dome light. The plaintiff claims that this action by Story obstructed his view, causing him to run off the roadway and into a culvert. The plaintiff alleges that he was injured in the accident.

On February 7, 2001, the plaintiff filed a civil warrant in general sessions court. Instead of naming Story as the culpable party, he mistakenly sued Story's mother, *i.e.*, Morelock. He alleged that Morelock's negligent conduct caused his injuries. Morelock was served with process on April 20, 2001. One week later, on April 27, Morelock's attorney contacted counsel for the plaintiff, advising the latter that, while Morelock was the registered owner of the vehicle, she was not the passenger in the vehicle whose conduct was the gravamen of the warrant. Morelock's attorney told plaintiff's counsel that he would speak with Morelock and "he would get back with Plaintiff's counsel once he talked with [Morelock]." On May 1, 2001, counsel for Morelock again contacted the plaintiff's attorney and informed him that the name of the allegedly-culpable passenger was Story. He told adversary counsel that the plaintiff had sued the wrong person.

The plaintiff filed an amended civil warrant in general sessions court on May 15, 2001, adding Story as a defendant. While the one-year statute of limitations applicable to personal injuries actions obviously had expired,[1] the plaintiff claims that his amendment was timely pursuant to Tenn. Code Ann. § 20-1-119 (Supp. 2002).[2] This statute gives a plaintiff 90 days from the date of filing of an answer alleging that another person "caused or contributed to the injury or damage for which the plaintiff seeks recovery" within which to amend the complaint to add the other person as a defendant.

---

[1]Tenn. Code Ann. § 28-3-104 (2000) provides, in pertinent part, as follows:

> (a) The following actions shall be commenced within one (1) year after the cause of action accrued:
>
> (1) Actions for ... injuries to the person, ....

[2]Tenn. Code Ann. § 20-1-119(a) provides, in pertinent part, as follows:

> In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:
>
> (1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; ....

Subsequently, the general sessions court dismissed the plaintiff's claim against Morelock and refused to allow the amendment as to Story. The plaintiff then appealed to the trial court. On appeal, Morelock and Story (collectively "the defendants") filed a motion for summary judgment with supporting affidavits. On January 4, 2002, the trial court heard the argument of counsel on the motion. At that time, the plaintiff made an oral motion to amend his complaint to add Story as a defendant pursuant to Tenn. Code Ann. § 20-1-119, which motion was denied by the trial court. The court then granted the motion for summary judgment, in which the defendants essentially asserted that the vehicle at issue was not being used for a family purpose at the time of the accident. From this judgment, the plaintiff appeals.

II.

In deciding whether a grant of summary judgment is appropriate, courts are to determine "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Courts "must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993). Since summary judgment presents a pure question of law, our review is *de novo* with no presumption of correctness as to the trial court's judgment. *Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44-45 (Tenn. Ct. App. 1993).

III.

The plaintiff raises two issues for our consideration. First, the plaintiff contends that the trial court erred in denying the plaintiff's motion to add Story as a defendant; the plaintiff claims the amendment was timely under Tenn. Code Ann. § 20-1-119. Second, the plaintiff asserts that the trial court erred in finding that the vehicle owned by Morelock and in Story's possession on the night in question was not being used for a family purpose. The plaintiff does not argue that his amendment adding Story relates back to the date of filing of the original warrant.

A.

The passage of the statute at issue in the instant case, Tenn. Code Ann. § 20-1-119, was prompted by the landmark Supreme Court case of *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992), in which the High Court adopted modified comparative fault. In *McIntyre*, the Court anticipated that there would be future cases to be resolved by it involving the fault of nonparties. *See Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785, 787 (Tenn. 2000). Quoting from *McIntyre*, the Supreme Court in *Brown* stated as follows:

> [F]airness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the

injury or damage for which recovery is sought.... However, in order for a plaintiff to recover a judgment against such additional person, the plaintiff must have made a timely amendment to his complaint and caused process to be served on such additional person. Thereafter, the additional party will be required to answer the amended complaint.

*Brown*, 12 S.W.3d at 787-88 (quoting *McIntyre*, 833 S.W.2d at 58).


The *Brown* Court pointed out that the legislature responded to one aspect of *McIntyre* by enacting Tenn. Code Ann. § 20-1-119, which "enable[s] a plaintiff to plead and serve nonparties alleged in a defendant's answer *as potential tortfeasors ... [if] a defendant raises comparative fault as an affirmative defense* and the statute of limitations would otherwise bar the plaintiff's cause of action against the comparative tortfeasor alleged in defendant's answer." *Brown*, 12 S.W.3d at 788 (emphasis added). As pertinent to the case at bar, the question is whether or not a named defendant has asserted, as an affirmative defense, the fault of another.

In the instant case, Morelock never raised the defense of comparative fault, nor did she allege that Story was, or even might be, at fault. On the contrary, the stipulations of fact contained in the record recite that Morelock's attorney informed counsel for the plaintiff that "Morelock was not in the vehicle at the time of the accident, but her daughter, Natasha Story, was using the car owned by the defendant Morelock, and was a passenger in the car being driven by the plaintiff; *therefore, the wrong person had been sued*." (Emphasis added). As the plaintiff has stipulated, the lawyer for Morelock was simply informing his counterpart that the plaintiff had sued the wrong person; Morelock's counsel was not raising the comparative fault of Story. These two concepts are separate and distinct, as illustrated by our decision in *Hodge v. Jones Holding Co.*, No. M1998-00955-COA-R3-CV, 2001 WL 873458, 2001 Tenn. App. LEXIS 567 (Tenn. Ct. App. M.S., filed Aug. 3, 2001). In *Hodge*, the plaintiff argued that the defendant construction company should not have been allowed to assert that the plaintiff sued the wrong company since the defendant failed to affirmatively plead the defense of comparative fault, as required by Tenn. R. Civ. P. 8.03. *Id.* at *1, 2001 Tenn. App. LEXIS 567, at *2. This court agreed with the defendant's position on the issue before it:

> [The defendant] was not asserting the comparative fault affirmative defense in this case. Rather than seeking to lay off all or a part of the fault for [the plaintiff's] injuries on another tortfeasor, it was simply asserting that it was not the construction company responsible for the road construction where [the plaintiff] was injured.

*Id.* at *5, 2001 Tenn. App. LEXIS 567, at *15. Similarly, in the instant case, Morelock was not raising the defense of comparative fault when her counsel informed the plaintiff's counsel that the plaintiff had sued the wrong person. Because Morelock did not raise comparative fault as an affirmative defense, the 90-day extension provided for in Tenn. Code Ann. § 20-1-119 never came

into play and the plaintiff cannot rely upon it. The plaintiff's attempt to add Story as a defendant is barred by the one-year statute of limitations. Therefore, we find no error in the trial court's dismissal of the plaintiff's action against Story.

B.

The family purpose doctrine, which is "firmly established in this state," **Stephens v. Jones**, 710 S.W.2d 38, 42 (Tenn. Ct. App. 1984), has been described by our Supreme Court as follows:

> [T]he head of a household who maintains a motor vehicle for the general use and convenience of the family *is liable for the negligence of any member of the family driving the vehicle*, provided the *driver* received express or implied consent.
>
> The family purpose doctrine is applicable when two requirements have been satisfied. First, the head of the household must maintain an automobile for the purpose of providing pleasure or comfort for his or her family.... Second, *the family purpose driver* must have been using the motor vehicle at the time of the injury "in furtherance of that purpose with the permission, either expressed or implied, of the owner."
>
> * * *
>
> In other words, the *actions of the driver* are imputed to the head of the household as a matter of public policy; and the plaintiff does not have to prove negligence on the part of the head of the household in order to recover from him or her when the plaintiff is injured by the *tortious conduct of the driver*....

**Camper v. Minor**, 915 S.W.2d 437, 447, 448 (Tenn. 1996) (citations omitted) (emphasis added).

In the instant case, the plaintiff contends that there is a genuine issue of material fact as to whether Story's "use" of the vehicle in question constituted a family purpose. However, the plaintiff's reliance on the family purpose doctrine is misplaced. As the Supreme Court clearly indicated in **Camper**, the family purpose doctrine is implicated when the family member is *driving* the vehicle. It is undisputed that the plaintiff, and not Story, was driving the vehicle at the time of the accident. Since the alleged negligence in the instant case is that of a backseat passenger for conduct unrelated to driving, and not that of a driver, the family purpose doctrine as recognized by the case authority in this state is not implicated by the facts before us. Accordingly, we find no error in the trial court's grant of summary judgment in this case.

IV.

The judgment of the trial court is affirmed.  This case is remanded to the trial court for the collection of costs assessed below, pursuant to applicable law.  Costs on appeal are taxed to the appellant, Michael D. Matthews.

_____
CHARLES D. SUSANO, JR., JUDGE