# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### January 2005 Session

## CAROLYN CURTIS v. G. E. CAPITAL MODULAR SPACE, ET AL.

**Rule 23 Certified Question of Law**
**United States District Court for the Eastern District of Tennessee**
**No. 2:04-CV-44     J. Ronnie Greer, Judge**

---

### No. M2004-01304-SC-R23-CQ - Filed February 18, 2005

---

Pursuant to Rule 23 of the Supreme Court of Tennessee,[1] this Court accepted certification of the following two questions from the United States District Court for the Eastern District of Tennessee, at Greeneville:

> (1) In an action instituted against an employer for workers' compensation benefits and in which the employer files an answer or amended answer naming a third party as having caused all or a part of the plaintiff's injuries, does Tennessee Code Annotated section 20-1-119 extend the limitation period and allow the filing of an amended complaint against the third party named by the employer and/or other persons named as tortfeasors(s) by the third party in its answer?

In the event the first question is answered in the affirmative, then the second question is posed:

> (2) In Tennessee Code Annotated section 20-1-119(a), does the term "applicable statute of limitations" appearing in the phrase "or named in an amended complaint filed within the applicable statute of limitations" refer to the one year limitation period for personal injury only or to the limitation period as extended by the ninety-day "window" provided by Tennessee Code Annotated section 20-1-119(a)?

---

[1] "The Supreme Court may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a District Court of the United States in Tennessee, or a United States Bankruptcy Court in Tennessee. This rule may be invoked when the certifying court determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee." Tenn. Sup. Ct. R. 23, § 1.

As to the first question, we answer in the negative. We hold that because Tennessee Code Annotated section 20-1-119 applies only to cases in which comparative fault is or becomes an issue, and because workers' compensation benefits are awarded without regard to fault, section 20-1-119 may not be invoked as authority to amend a complaint in a workers' compensation action to include a claim against a third party tortfeasor that would otherwise be time-barred. Because our answer to this first question renders the second question moot, we do not address it at this time.

## Tenn. Sup. Ct. R. 23 Certified Question of Law

WILLIAM M. BARKER, J., delivered the opinion of the court in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

Richard M. Currie, Jr., Kingsport, Tennessee, for the defendant/petitioner, Bennett Truck Transport, Inc.

Mark S. Stapleton, Rogersville, Tennessee, and W. Lewis Jenkins, Jr., Dyersburg, Tennessee, for the plaintiff/respondent, Carolyn Curtis.

J. Randolph Bibb, Jr., Nashville, Tennessee, for the defendant/respondent G. E. Capital Modular Space.

## OPINION

### Factual and Procedural Background

This matter arises from an action for workers' compensation benefits. The plaintiff, Carolyn Curtis, an employee of TRW, Inc. ("TRW") in Rogersville, Tennessee, tripped and fell while walking across the TRW parking lot on February 27, 2002. Curtis apparently tripped over a metal spike or rod that had been left lying on the lot. Just short of a year later, on February 11, 2003, Curtis filed a complaint in Hawkins County Circuit Court seeking workers' compensation benefits for the injuries she sustained from the fall. TRW filed an answer to the complaint on April 22, 2003, and then filed an amended answer on June 13, 2003, in which it alleged for the first time that a third party, G. E. Capital Modular Space ("G.E."), had created the hazard on TRW's property causing Curtis's fall and injuries.[2]

---

[2] Though not relevant to the issues presently before us, we know of no authority which would allow the defendant employer, TRW, to assert third party fault as an affirmative defense in a workers' compensation action. As will be discussed infra, fault is not an issue in a workers' compensation action, and third party fault cannot be asserted to off-set an employer's workers' compensation liability. Consequently, it appears that the circuit court improvidently granted permission allowing TRW to amend its original answer in this respect.

On July 8, 2003, twenty-five days after TRW filed its amended answer and more than one year after Curtis sustained her injury, Curtis filed an amended complaint alleging negligence on the part of G.E. in leaving the spike or rod on TRW's parking lot. G.E. thereafter filed a motion to dismiss on the grounds that the action against it was time-barred by the applicable statute of limitations. However, in response, Curtis cited to Tennessee Code Annotated section 20-1-119 (1994) as authority allowing for such an amendment. According to Curtis, section 20-1-119 provided a ninety-day period following the filing of TRW's answer during which Curtis could amend her original complaint to add parties alleged by TRW to have been responsible for her injury. G.E.'s motion to dismiss was subsequently denied, and on September 30, 2003, G.E. filed an answer alleging that another party, Bennett Truck Transport, Inc. ("Bennett"), was solely responsible for the delivery, placement and removal of the object on TRW's lot which had caused Curtis's fall. Therefore, G.E. asserted in its answer that Bennett was responsible for Curtis's injuries.

Curtis then filed a second amended complaint on October 22, 2003, in which she alleged liability against Bennett for negligently failing to remove the spike or rod from the parking lot. Bennett, in turn, responded by filing a motion to dismiss, arguing that the claim was barred by the statute of limitations. Curtis again argued that amending the complaint to add Bennett as a defendant was appropriate under section 20-1-119. Meanwhile, the claim for workers' compensation benefits against TRW was settled, leaving only the claims against G.E. and Bennett to be resolved. At this point, based upon federal diversity jurisdiction, G.E. and Bennett had the case removed from Hawkins County Circuit Court to United States District Court for the Eastern District of Tennessee. With the case now before the United States District Court, both G.E. and Bennett have renewed their argument that the claims against them are time-barred. In response, Curtis again cites to Tennessee Code Annotated section 20-1-119 as providing a ninety-day "window" following the filing of the defendants' amended answers during which a complaint may be properly amended to include additional claims against third parties, notwithstanding any statutory time limitations to the contrary. To resolve this issue, the United States District Court, upon a joint motion by Curtis and Bennett and pursuant to Tennessee Supreme Court Rule 23, certified to this Court the questions discussed herein concerning the application of Tennessee Code Annotated section 20-1-119 (1994).


**ANALYSIS**

I.  First Certified Question

*Tennessee Code Annotated section 20-1-119*

In 1992, Tennessee adopted a system of comparative fault to be utilized in tort litigation. See McIntyre v. Balentine, 833 S.W.2d 52, 57 (Tenn. 1992). Among the several reasons cited for adopting this approach, this Court in McIntyre stated that "fairness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought." Id. at 58. In 1993, in response to the decision in McIntyre, the General Assembly enacted Tennessee

Code Annotated section 20-1-119 (1994) to provide a means whereby a plaintiff could amend a complaint to add as a defendant any third party alleged by another defendant to have caused or contributed to the injury, even if the applicable statute of limitations would otherwise bar the claim against the third party. 1993 Tenn. Pub. Acts ch. 407, § 1; see Brown v. Wal-Mart Disc. Cities, 12 S.W.3d 785, 788 (Tenn. 2000); Owens v. Truckstops of Am., 915 S.W.2d 420, 427 (Tenn. 1996). Specifically, section 20-1-119 provides, in pertinent part:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:
>
> (1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or
>
> (2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an "original complaint initiating the suit" or "an amended complaint" for purposes of this subsection.
>
> (b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.
>
> (c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a).

Tenn. Code Ann. § 20-1-119 (1994) (emphasis added).

*Interpretation and Application of Section 20-1-119*

With these provisions of section 20-1-119 in mind, the first question certified to this Court requires us to determine whether this statute provides any authority under which a complaint seeking workers' compensation benefits may be amended in order to add potential third party tortfeasors. In construing statutes, we first look to the language of the statute itself, keeping in mind that the proper role of the Court is "to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). To this end, we are restricted to applying the natural and ordinary meaning of the language used. Browder v. Morris, 975 S.W.2d 308, 311 (Tenn. 1998). When the language of the statute is plain, clear and unambiguous, the legislative intent must be derived from

the statute's face. See Bryant v. Genco Stamping & Mfg. Co., 33 S.W.3d 761, 765 (Tenn. 2000). Therefore, courts must follow the natural and ordinary meaning of a statute unless an ambiguity requires resort elsewhere for clarification. Id.

By its plain terms, Tennessee Code Annotated section 20-1-119 applies only to civil cases in which "comparative fault is or becomes an issue." This necessarily leads us to inquire whether comparative fault is, or can ever become, an issue in a workers' compensation action.

*Workers' Compensation Claims and Comparative Fault*

The right to workers' compensation benefits is a unique concept in the law, derived solely from statutory provisions rather than from the common law. See 99 C.J.S. *Workers' Compensation* § 23 (2004). The primary purpose of workers' compensation is to afford benefits for job-related injuries regardless of fault. Woods v. Harry B. Woods Plumbing Co., 967 S.W.2d 768, 772 (Tenn. 1998); see also Tenn. Code Ann. § 50-6-103 (1999). Based upon a mutual renunciation of common law rights and defenses, see Woods, 967 S.W.2d at 772, the system operates to provide quick and efficient compensation to injured workers in exchange for immunizing employers from tort liability and limiting their damages. See, e.g., Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 81 (Tenn. 1996) (discussing the underlying policy of the workers' compensation system); see also Tenn. Code Ann. § 50-6-108(a) (1999) (providing that the right to receive workers' compensation benefits "shall exclude all other rights and remedies" of the injured employee); Snyder v. LTG Lufttechnische GmbH, 955 S.W.2d 252, 256 (Tenn. 1997) (noting that "the employer is immune from tort liability under Tennessee Code Annotated section 50-6-108(a).").

In Ridings, an employee sustained on-the-job injuries when he fell from a ladder. 914 S.W.2d at 80. The employee then filed suit against the manufacturer of the ladder, alleging liability based on theories of negligence, gross negligence and strict liability. Later, the defendant manufacturer sought leave to amend its original answer to allege, as an affirmative defense, that the plaintiff's employer was negligent. The trial court denied this request. In later reviewing the issue on appeal, this Court held that a defendant in a tort action could not assert fault on the part of the plaintiff's employer as an affirmative defense. Ridings, 914 S.W.2d at 82. Basing our decision upon the principles of comparative fault as announced in McIntyre, we stated that "fault may be attributed only to those persons against whom the plaintiff has a cause of action in tort." Id. at 81. Recognizing that employers are immune from tort liability for job-related injuries, we reasoned that "[s]ince the plaintiff's employer cannot be made a party to the plaintiff's tort action for personal injuries sustained in the course and scope of his employment, the rationale of McIntyre, both as to principle and procedure, will not permit fault to be attributed to the plaintiff's employer." Id. at 82. In further analyzing the employer/employee relationship, we stated that "[t]he duty owed a worker by the employer is not measured by the standard of care applicable in actions based on negligence or strict liability." Id. at 83. The holding in Ridings was later reaffirmed in Snyder, in which we also stated that in workers' compensation cases "liability [is] imposed upon the employer without regard to the employer's negligence ." Snyder, 955 S.W.2d at 255.

The basic premise of the holdings in both Ridings and Snyder was that a defendant in a tort action could not allege, as an affirmative defense, comparative fault on the part of a nonparty who was immune from tort liability. However, we should note at this juncture that this reasoning was later abrogated in large part by Carroll v. Whitney, 29 S.W.3d 14 (Tenn. 2000). In Carroll, this Court held that a jury in a medical malpractice case could allocate fault to physicians who, as state employees, were immune from suit. Id. at 19. However, we also recognized in Carroll that the workers' compensation system was distinctly different from traditional tort law. Id. at 20. Therefore, we noted that Ridings and Snyder were not overruled, "[r]ather, they remain uniquely applicable with regard to the allocation of fault to employers in workers compensation cases." Id. at 19. Further, we noted that the issue of an employer's liability in a workers' compensation case is "governed exclusively by the [Tennessee] Workers' Compensation Law." Id.

Looking to the Tennessee Workers' Compensation Law, see Tenn. Code Ann. §§ 50-6-101 to -705 (1999), we find further support for the proposition that fault plays no part in assigning liability for workers' compensation benefits. For instance, Tennessee Code Annotated section 50-6-103(a) (1999) provides that "[e]very employer and employee subject to the Workers' Compensation Law shall, respectively, pay and accept compensation for personal injury or death by accident arising out of and in the course of employment without regard to fault as a cause of the injury or death." (emphasis added). Also, Tennessee Code Annotated section 50-6-111 (1999) specifically bars an employer from asserting negligence on the part of an employee as a defense to a workers' compensation claim. Furthermore, Tennessee Code Annotated section 50-6-112(a) (1999) states:

> When the injury or death for which compensation is payable under the Workers' Compensation Law was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker, or such injured worker's dependents, shall have the right to take compensation under such law, and such injured worker, or those to whom such injured worker's right of action survives at law, may pursue such injured worker's or their remedy by proper action in a court of competent jurisdiction against such other person. (emphasis added).

We wish to emphasize that, as the foregoing statutory provision makes clear, an injured employee who is awarded workers' compensation benefits does not relinquish his or her right to also pursue tort claims against third parties. In fact, an employee may seek workers' compensation benefits and simultaneously file suit against a third party tortfeasor. If the employee succeeds in an action against a third party, the employer is then entitled to a subrogation lien against the employee's recovery. See Tenn. Code Ann. § 50-6-112(c) (1999); Carroll, 29 S.W.3d at 19.[3] Nevertheless, although the workers' compensation claims and tort claims may arise from one injury, involve the same plaintiff and proceed simultaneously, they may not be combined into one lawsuit. To do so

---

[3] The employer's subrogation interest is further protected by Tennessee Code Annotated section 50-6-112(d)(2) (1999) which provides that if an injured worker fails to bring an action against the third party tortfeasor within one year, the worker's cause of action is assigned to the employer and workers' compensation carrier who then have six months to commence the action. See also Craig v. R.R. St. & Co., 794 S.W.2d 351, 358 (Tenn. Ct. App. 1990).

would confuse the fault-based liability of tort with the statutorily imposed "no fault" liability of workers' compensation. The justifications for imposing liability upon an employer are entirely separate and distinct from those supporting imposition of liability upon a third party tortfeasor. Accordingly, an employer cannot allocate fault to a third party and neither may an employee combine workers' compensation and tort claims in one action. In these instances, fault may not be compared and apportioned between the employer and tortfeasor, and any such claims must be brought in two separate actions. See Ridings, 914 S.W.2d at 84 (noting that "the plaintiff's right to recover on allegations of [tort liability] . . . is determined without reference to the employer's conduct").

As previously noted, the workers' compensation system is purely a creature of statutory construct, with the rights and responsibilities of the parties being derived solely from the statutes themselves. See, e.g., Liberty Mut. Ins. Co. v. Stevenson, 368 S.W.2d 760, 762 (Tenn. 1963) (discussing in general the purely statutory nature of workers' compensation law and noting that it is a "complete substitute for previous remedies in tort on the part of an employee"). What is apparent from these aforementioned statutes, both from their plain language and from prior case law interpretations, is that the issue of fault plays no part whatsoever in assessing liability for a workers' compensation claim. In fact, one of the primary purposes of the Tennessee Workers' Compensation Act is to "afford workers compensation for job-related injuries regardless of fault." Woods, 967 S.W.2d at 772. Simply put, the issue of fault never enters the picture in a workers' compensation case. Consequently, an employer may not assert third party fault as an affirmative defense to a workers' compensation claim. As a corollary, an employee may not rely upon Tennessee Code Annotated section 20-1-119, which by its plain terms applies only to cases in which "comparative fault is or becomes an issue," as support for amending a workers' compensation complaint to include claims against potential third party tortfeasors.

## II. Second Certified Question

Our answer to the first certified question effectively resolves the issues presently before the certifying court, therefore, we need not address the second question at this time.

## CONCLUSION

For the reasons set forth above, the first question certified to this Court is answered in the negative. We hold that in an action instituted against an employer for workers' compensation benefits and in which the employer files an answer or amended answer naming a third party as having caused all or a part of the plaintiff's injuries, Tennessee Code Annotated section 20-1-119 is inapplicable and does not extend the limitation period to allow for the filing of an amended complaint against the third party named by the employer and/or other persons named as tortfeasors by the third party in its answer.

The clerk shall transmit this opinion in accordance with Tennessee Supreme Court Rule 23, section 8.  Costs in this Court are taxed to the plaintiff/respondent, Carolyn Curtis.

_____
WILLIAM M. BARKER, JUSTICE